359 A.2d 761
**Milton TYLER, Appellant,**

v.

**JEFFERSON COUNTY–DU BOIS AREA VOCATIONAL TECHNICAL SCHOOL.**

Supreme Court of Pennsylvania.

Argued March 8, 1976.

Decided July 6, 1976.

596

William K. Eckel, Abood, Rodkey & Eckel, Johnstown, for appellant. Edward A. Miller, Asst. Atty. Gen., Harrisburg, amicus curiae.

David E. Blakeley, Du Bois, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX, and MANDERINO, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

This appeal arises from an order of Commonwealth Court which sustained summary dismissal of appellant, Milton Tyler, from his employment with appellee, Jefferson County-Du Bois Area Vocational Technical School.

The facts surrounding this appeal are as follows. In September, 1968, appellant received a Provisional Teacher's Certificate issued by the Commonwealth which authorized his teaching of the following courses: Business Education, Business English, Typing, Bookkeeping and Business Mathematics. Appellant was employed in September, 1971, by the appellee school district to teach Distributive Education. Since appellant's provisional certificate did not include Distributive Education, he received from the Department of Education an "Interim Certificate" which permitted him to teach Distributive Education. In December, 1973, appellant's interim certificate was amended to an "Instructional I Certificate" which also authorized him to teach Distributive Education.

In May of 1974, appellant received his first Temporary Professional rating by letter from Dr. George N. Nye, Superintendent of the appellee school district. The rating was unsatisfactory and Dr. Nye indicated that he would recommend to the school board that appellant be dismissed on grounds of incompetence and insubordination. By letter dated May 28, 1974, appellee terminated the employment contract of appellant, effective the end of the 1973–74 school year. The letter further informed appellant that a hearing was to be held on June 12, 1974. On that date, appellant, accompanied by counsel, appeared at the "hearing" but refused to proceed with the hearing because of the lack of a disinterested public stenographer and the School Board's failure to furnish him with a detailed written statement of the charges.

Appellant then filed a mandamus action in the Jefferson County Court of Common Pleas to compel the appellee school district to follow the mandatory dismissal requirements as set forth in the Public School Code of 1949, § 1127, 24 P.S. § 11–1127. The Jefferson County Court entered judgment for appellee and Commonwealth Court affirmed that order. We granted appellant's petition for allowance of appeal and now reverse.

Appellant argues that he was a "professional employee" at the time of his dismissal and, therefore, was entitled to the procedural safeguards provided in § 1127 of the Public School Code of 1949. We agree.

The starting point of our analysis is the question of when appellant became a "temporary professional." Section 11–1101 of the Public School Code of 1949 provides, *inter alia*:

"As used in this article,

"(1) The term 'professional employe' shall include those who are certificated as teachers . . . .

\* \* \* \* \* \* \* \*

"(3) The term 'temporary professional employe' shall mean any individual who has been employed to perform, for a limited time, the duties of a newly created position or of a regular professional employe whose services have been terminated by death, resignation, suspension or removal." As amended October 5, 1967, P.L. 348, § 1; July 22, 1969, P.L. 172, § 1; November 30, 1971, P.L. 546, No. 144, § 1, 24 P.S. § 11–1101.

■ The above definitional section provides that the term "temporary professional employee" is any "individual who has been employed to perform, for a limited time" either the duties of a new position or the duties of a "professional employee" as defined by subsection (1) of this section, because of death, resignation or suspension. The record in the instant case establishes that ap-

pellant was hired to perform the duties of a new position or to replace a "professional employee" in teaching Distributive Education.

The next step of the analysis requires us to determine whether appellant was qualified to be a temporary professional.

Section 1251(1) of the Public School Code provides:
"(1) 'Teacher' shall mean any person who holds a valid Pennsylvania teaching certificate."

Section 1201 of the Code provides for nine different types of certificates which allow a person to teach in the schools, including:

"(9) . . . such other kinds of certificates as are issued under the standards prescribed by the State Board of Education. The State Board of Education shall also provide for issuance of certificates by district superintendents to meet such emergencies or shortage of teachers as may occur." As amended October 21, 1965, P.L. 601, § 28; January 14, 1970, P.L. (1969) 468, § 42, effective July 1, 1970, 24 P.S. § 12–1201.

In the instant case, appellant held a valid "intern" or "interim" certificate issued as of October, 1971, pursuant to subsection (9) of the above-cited provision. Therefore, appellant is a certified teacher within the meaning of § 1101, subsection (1) of the Public School Code of 1949. See also *Brentwood Borough Sch. Dist. Appeal*, 439 Pa. 256, 267 A.2d 848 (1970).

 Having found that appellant was an "individual" employed to perform the duties of a certificated teacher, and also finding that appellant is a certificated teacher, we are of the opinion that appellant became a temporary professional in October, 1971, when he was employed with a valid "Interim-Intern" Teaching Certificate.

Appellee contends that appellant did not gain "temporary professional" status until the issuance in December,

1973, of the Instructional I certificate. We do not agree. The foregoing statutory language does not differentiate between any of the nine certificates listed in § 1201 of the Code and, therefore, the holding of any one certificate would "certificate" an individual for purposes of § 1101.

Moreover, appellee contends that it could not rate appellant until he received the Instructional I certificate. We do not agree. The performance of an individual in his work is always susceptible to evaluation. The absence of a particular type of certificate in no way prohibits inquiry into and evaluation of class performance of individual instructors.

The next part of our inquiry requires us to determine when appellant did become a "professional employee".

Section 11–1108(a) and (b) of the Public School Code of 1949 provides in part:

"(a) It shall be the duty of the district superintendent to notify each temporary professional employe, at least twice each year during the period of his or her employment, of the professional quality, professional progress, and rating of his or her services. No temporary professional employe shall be dismissed unless rated unsatisfactory, and notification, in writing, of such unsatisfactory rating shall have been furnished the employe within ten (10) days following the date of such rating. The rating of a temporary professional employe shall be done as provided in section one thousand one hundred twenty-three of this act." As amended January 14, 1970, P.L. (1969) 468, § 38, effective July 1, 1970, 24 P.S. § 11–1108.

"(b) A temporary professional employe whose work has been certified by the district superintendent to the secretary of the school district, during the last four (4) months of the second year of such service, as being satisfactory shall thereafter be a 'professional em-

ploye' within the meaning of this article. The attainment of this status shall be recorded in the records of the board and written notification thereof shall be sent also to the employe. The employe shall then be tendered forthwith a regular contract of employment as provided for professional employes. No professional employe who has attained tenure status in any school district of this Commonwealth shall thereafter be required to serve as a temporary professional employe before being tendered such a contract when employed by any other part of the public school system of the Commonwealth." As amended May 14, 1968, P.L. 119, No. 62, § 2; January 14, 1970, P.L. (1969) 468, § 38, effective July 1, 1969, 24 P.S. § 11–1108.

The above two subsections establish the mandatory duty in the district superintendent to rate each temporary professional employee twice a year and provides that if during the last four months of the two-year period a satisfactory rating is given to the temporary professional, he or she shall become a "professional employee."

This court, in *Elias v. Bd. of Sch. Directors*, 421 Pa. 260, 218 A.2d 738 (1966), in construing identical language of § 1108's predecessor, found that the absence of ratings during the prescribed two-year period compels a conclusion of satisfactory performance. The court in *Elias* stated:

"Accordingly, we find that under § 1108, the failure on the part of the superintendent to rate is tantamount to a satisfactory rating." At page 266, 218 A.2d at page 742.

In the instant case, the record reveals that no ratings pursuant to § 1108 were given appellant during the school years of 1971–72, 1972–73, and it was not until May, 1974, that appellant received any rating. We are, therefore, of the opinion that appellant became a professional employee at the end of the 1972–73 school

year because of the board's failure to rate appellant's conduct. See *Elias, supra.*

Having found appellant to be a professional employee, appellee, Jefferson County-Du Bois Area Vocational Technical School, must accord the procedural safeguards of § 1127 of the Public School Code of 1949.

Order of the Commonwealth Court is reversed and case is remanded for proceedings and hearing consistent with this opinion.

NIX, J., filed a dissenting opinion in which ROBERTS, J., joined.

NIX, Justice (dissenting).

I dissent. While the majority correctly concludes that *Elias v. Board of School Directors,* 421 Pa. 260, 218 A. 2d 738 (1966) dictates that the absence of any rating during the prescribed two year employment period compels a conclusion of satisfactory performance, I strenuously disagree with that prior holding of this Court. Rather, I share the view as expressed by Mr. Justice ROBERTS' concurring and dissenting opinion in *Elias, supra* at 268, 218 A.2d at 742.

"However, I see no reason for concluding that the failure of the Board of School Directors to rate plaintiffs should be treated as a satisfactory rating. Such a result is no more compelled than the conclusion that the failure to rate is equivalent to an unsatisfactory rating."

The primary concern of the educational system is to provide quality academic instruction for the children enrolled in our schools. This standard can only be maintained through the hiring of competent new teachers and staff. For this purpose, the legislature has required the district superintendent to rate the performance of temporary professional school employees at least twice each year during the period of employment. Act of March 10,

1949, P.L. 30, art. XI, § 1108(a) as amended January 14, 1970, P.L. (1969), 468, § 38, 24 P.S. § 11–1108(a) (Supp.1975–76).

Should the superintendent fail to perform this duty, there is no rational basis from which it can be assumed that unrated instructors are performing satisfactorily and entitled to promotion to permanent status. On the contrary, a temporary professional employee cannot become a professional employee until that employee has specifically been certified as satisfactory by the superintendent. 24 P.S. § 11–1108(b) (Supp.1975–76). See also *Maxwell v. Farrell School District Board of Directors*, 381 Pa. 561, 568, 112 A.2d 192, 196 (1955).

It is obvious that the result reached by the majority of the court in *Elias, supra,* was compelled because of a recognition of the importance of the district superintendent's responsibility to perform these ratings and was intended to act as an impetus to assure the discharge of this responsibility. While I fully agree that this rating procedure is essential to quality education within this Commonwealth, we defeat that purpose when we permit the failure to discharge that responsibility to possibly lock in, under the law of tenure, unqualified instructors. *Elias,* supra, appears to respond to the district superintendent's dereliction by forcing upon the school children untrained and inadequate instructors. Thus, while I am cognizant of the rights of the temporary teacher, in my judgment, that interest is far overshadowed by our obligation to the students.

Accordingly, I would hold that appellant was not a professional employee per se. Rather, I would direct that the district superintendent forthwith provide the required evaluation of appellant's performance over the first two years of his employment. If in fact appellant fails to receive a satisfactory rating for that period then he is not entitled to permanent employee status and the dismissal was proper. However, should appellant's per-

formance be found satisfactory, he would thereby attain permanent professional employee status, effective from the end of his second year of employment. Thus, compliance with Section 1127 of the Act, *supra*, 24 P.S. § 11–1127 would be required to determine the propriety of his dismissal.

ROBERTS, J., joins in this dissenting opinion.