Louis Marco, Appellant *v.* Montgomery County Intermediate Unit No. 23.

Argued April 3, 1978, before Judges WILKINSON, JR., BLATT and DISALLE, sitting as a panel of three.

*Richard W. Rogers,* with him *Rogers, King & Cole,* for appellant.

*Philip Salkin,* with him *Pearlstine, Salkin, Hardiman & Robinson,* for appellee.

OPINION BY JUDGE DISALLE, May 31, 1978:

This case involves an appeal of an order of the Court of Common Pleas of Montgomery County, dated July 9, 1976. The order dismissed Louis Marco's (Marco) appeal of a determination by the Board of Directors for the Montgomery County Intermediate Unit No. 23 (Board), to suspend Marco from his posi-

tion as an instructor at the Eastern Montgomery County Area Vocational Technical School.

Marco was employed on April 15, 1969, by the Eastern Montgomery County Area Vocational Technical School as an instructor of quantity foods in the school's food services department. He taught in this capacity without possessing state certification of any kind until July of 1971. At this time Marco was awarded vocational interim certification by the Pennsylvania Department of Education. In May of 1973, the Department further awarded him a vocational instructional I certificate. From the commencement of his employment until his suspension, Marco's performance as a teacher was periodically rated and was deemed at all times to be satisfactory.

On May 20, 1975, the Board advised Marco by letter that due to the declining enrollment of pupils, he was to be suspended from his position.[1] On May 28, 1975, the Board's resolution of suspension was passed. Marco, however, maintained that he was not the one to be suspended, and he requested and was granted a hearing before the Board.[2] He argued at this hearing that other instructors within the school's food services department had less seniority than he and had acquired their initial certification subsequent to his. Specifically, he presented evidence which showed that Fern

---

[1] Neither party to this appeal contends that there was not a substantial reduction in pupils in the Eastern Montgomery County Area Vocational—Technical School so as not to warrant the suspension of some instructor. Therefore, the only question which is before this Court is whether the proper person was suspended.

[2] On the same date that he was suspended, the Board awarded Marco a professional employe's contract on the basis that he had taught for a period of two years under the status of temporary professional employe and had received satisfactory ratings. *See Phillippi v. School District of Springfield Township*, 28 Pa. Commonwealth Ct. 185, 195-196, 367 A.2d 1133, 1140 (1977).

Renner was employed by the Intermediate Unit in September of 1969, and that she did not receive any type of state certification until September of 1971.[3] He also presented evidence that another instructor, Marilyn Sharer, was not hired by the Intermediate Unit until August of 1972 and acquired her initial certification in September of that same year.[4] Arguing that he had obtained his initial certification in 1971, upon the receipt of his vocational interim certificate, Marco contended that he had more seniority than either of these instructors and, therefore, had been improperly suspended.

The School District contended that the 1971 vocational interim certification should not have been issued to Marco. Testimony was presented to the effect that subsequent to the issuance of the interim certificate, it was discovered that he was unable to produce a high school degree or its equivalent. The District argued that possession of such a degree has always been a requirement prior to eligibility for vocational interim certification status. The basis for this argument is that prior to receipt of such certification an individual must have been properly enrolled at a regionally accredited college or university, and it is not possible to enroll in such an institution without first having graduated high school or its equivalent. Moreover, prior to the issuance of a vocational interim certificate to an individual, the person must pass an occupational competency examination. One of the eligibility requirements prior to taking this examination is that the applicant verify completion of high school or its equivalent.

---

[3] Fern Renner received at this time college permanent certification.

[4] Marilyn Sharer received instructional I certification in September of 1972.

The School District contended that not having fulfilled all the criteria required for vocational interim certification, Marco was not entitled to the certification issued in July of 1971. Consequently, he was not validly certified until May of 1973, following his successful completion of the G.E.D. examination and subsequent receipt of vocational instructional I certification. Therefore, though Marco was periodically rated from the inception of his employment and while in possession of an invalid vocational interim certificate, his accumulated seniority could not be viewed as commencing until May of 1973, the date he received valid certification.

Upon consideration of the evidence, the Board concluded that Marco was properly suspended pursuant to Sections 1124 and 1125(b) of the Public School Code of 1949 (Code), Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §§11-1124, 11-1125(b), because he was the instructor with the least seniority. This determination was made by calculating the time each instructor had served with the school from receipt of initial state certification. Marco's seniority time was measured from his receipt in May of 1973, of vocational instructional I certification. The vocational interim certification received by Marco in July of 1971 was viewed by the Board as being improperly granted. The lower court affirmed the Board's decision on appeal and thereafter Marco filed an appeal to this Court.

Marco argues two propositions on appeal: (1) That his seniority time should optimally be measured from his initial date of employment; (2) That minimally, his seniority time should be measured from July of 1971, the date he received vocational interim certification. We reject both contentions.

Seniority rights do not commence until one has acquired temporary professional employe status. *Mar-*

*nell v. Mount Carmel Joint School System*, 380 Pa. 83, 110 A.2d 357 (1955). Section 1101 of the Code, 24 P.S. §11-1101 reads:

 (1) The term 'professional employe' shall include those who are certified as teachers, supervisors, supervising principals. . . .

 (2) The term 'temporary professional employe'. shall mean any individual who has been employed to perform for a limited time, the duties of a newly created position or of a regular professional employe whose services have been terminated by death, resignation, suspension or removal.

Section 1251 of the Code, 24 P.S. §12-1251 states that:

 (1) 'Teacher' shall mean any person who holds a valid Pennsylvania teaching certificate.

We are of the view that the provisions of the Code referred to above require an individual to possess *valid* state certification before being eligible for temporary professional employe status. Without such certification, an individual does not begin to accumulate seniority time. A careful review of the record reveals substantial evidence in support of the Board's and lower court's determination that vocational interim certification was invalidly conferred upon Marco. Marco's seniority was properly calculated by the Board and the lower court to have commenced in May of 1973. Marco's reliance upon the Pennsylvania Supreme Court's holding in *Tyler v. Jefferson County—DuBois Area Vocational Technical School*, 467 Pa. 595, 359 A.2d 761 (1976) as support for the proposition that his seniority should be calculated from his receipt of interim certification is misplaced. The Court in *Tyler* did not consider the teacher there to be a temporary professional employe until it first concluded that the individual was a properly certified teacher;.

(i.e. he possessed *valid* state certification pursuant to the requirements under Section 1251 of the Code, 24 P.S. §12-1251). The record shows that Marco did not possess valid Pennsylvania certification until May of 1973 when he received his vocational instructional I certificate.

This Court is of the view that Marco's suspension was proper. We affirm.

### ORDER

AND Now, this 31st day of May, 1978, the order of the Court of Common Pleas of Montgomery County, dated July 7, 1976, at No. 75-15091, affirming the determination of the Board of School Directors for Montgomery County Intermediate Unit No. 23, to suspend Louis Marco from his teaching position with the Eastern Montgomery County Area Vocational Technical School is hereby affirmed.