Jay Kipp, Appellant *v.* Juniata County School District, Appellee.

Argued September 12, 1984, before Judges WILLIAMS, JR., CRAIG and DOYLE, sitting as a panel of three.

*Andrew L. Winder, Law Offices of Clyde R. Bomgardner,* for appellant.

*John R. Miller, Jr., Miller, Kistler & Campbell, Inc.,* for appellee.

OPINION BY JUDGE DOYLE, January 25, 1985:

Jay Kipp (Appellant) appeals from a decision of the Court of Common Pleas of Juniata County which denied his claim for back salary under Section 1142

of the Public School Code of 1949[1] (School Code) and the local salary schedule of the Juniata County School District (Appellee).

Appellant was hired by Appellee as a temporary professional employee at the beginning of the 1960-1961 school year. At that time, Section 1142 provided that all professional employees were to receive a minimum annual salary of $3,600.00 and that teachers holding a college certificate were to receive a minimum annual service increment of $200.00. In 1963, Act 247[2] amended Section 1142 to provide for a minimum salary of $4,200.00 with minimum annual service increments of $300.00. Appellant was hired at an initial salary of $4,100.00, and he received an adjustment at least equal to the required $200.00 or $300.00 increment each year prior to 1965.

In 1965, Act 405[3] amended Section 1142 to provide that, beginning in the school year 1965-1966, minimum salaries would be based upon a system of steps. An employee would attain placement at a particular step either by agreement with the school district or through the employee's years of service within the school district, whichever led to the higher placement. This system was carried over by still another amendment under Act 96[4] in 1968. *See Graybill v. Juniata Schools,* 21 Pa. Commonwealth Ct. 630, 347 A.2d 524 (1975).

Appellant contends that his temporary professional contract of 1960-1961 which provided for a salary of $4,100.00 constituted an agreement with Appellee that he was to be placed at a level equivalent to step three and a half under Act 405. Applying his five years of teaching experience acquired between 1960-1961 and the effective date of Act 405 on July 1,

---

[1] Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §11-1142.

[2] Act of August 1, 1963, P.L. 466.

[3] Act of December 9, 1965, P.L. 1057.

[4] Act of June 12, 1968, P.L. 192.

1965, Appellant concludes that he should have been compensated at step eight and a half for the school year 1965-1966, step nine and a half for the year 1966-1967, and so on, down through the year 1971-1972.[5]

Appellee first asserts that, since Appellant's claim is based in part on the Appellee's local salary schedule, the claim is barred by *Wildrick v. Board of Directors of Sayre Area*, 491 Pa. 25, 417 A.2d 617 (1980). The Pennsylvania Supreme Court held in *Wildrick* that a school district is not required by the School Code to apply to its local salary schedule the steps mandated in the state statutory schedule. Appellee is correct in its assertion that *Wildrick* operates to bar that portion of Appellant's claim which is based entirely upon the local salary schedule. It does not, however, prevent Appellant from recovering the minimum salaries prescribed under Act 405 and Act 96.

Appellee next asserts that since Appellant was hired initially as a temporary employee, his first permanent professional contract with Appellee which was entered into in October of 1966, *after* the effective date of Act 405, operated as an arms-length agreement to set Appellant's salary at $6,450.00 for the school year 1966-1967. This argument is bolstered with a

---

[5] Appellant originally requested relief in his Complaint for the years from 1963-1964 through 1975-1976. The claim for years prior to 1965 was apparently dropped on appeal because the *Graybill* case had established that the Act 405 step system was not retroactive. The claim for years subsequent to 1972 was presumably dropped because of the holding in *Wildrick v. Board of Directors of Sayre Area*, 491 Pa. 25, 417 A.2d 617 (1980), which established that the Act 405 step system was inapplicable to local salary schedules. Appellant's entire claim for years subsequent to 1972 was based on the local salary schedule of the Juniata County School District. It is somewhat of a mystery why he chose this particular cut-off date, however, as he has retained claims under the local salary schedule for several other years, including the immediately preceding year, 1971-1972.

letter, dated September 15, 1966, in which Appellant himself indicated to the Juniata County School Board that his salary for the year 1965-1966 was properly based upon his five years of teaching experience in the district. Appellee claims that Appellant's placement at step six in 1965-1966 and step seven the following year, was therefore in full compliance with the provision of Act 405 which stated that teachers were to be compensated for school years beginning with the year 1965-1966 "in accordance with . . . the step which the professional employee has attained by agreement or by years of experience within the school district whichever is higher."

The problem of what was meant by "the step attained by agreement" was thoroughly analyzed in the *Graybill* case, wherein this Court determined that the agreement which controlled the entering step under Act 405 was "the *initial* employment contract with the school district." 21 Pa. Commonwealth Ct. at 637, 347 A.2d at 528. No distinction was made between temporary professional and permanent professional contracts. In addition, the trial court, in reasoning impliedly adopted by this Court, found that "[i]t is not material to the issue before the Court that [plaintiff] entered into a new written agreement with the defendant school district on October 14, 1966." *Graybill* specifically adopted Appellant's method of calculating his entering step under Act 405. According to that case, since Appellant was hired at an initial salary of $4,100.00 at a time when the minimum salary for the holder of a college provisional certificate was $3,600.00, with mandatory yearly increments of at least $200.00, he was, in effect, hired at "step" three and a half on the state salary schedule then in force.

Appellee argues that a distinction must be made in Appellant's case by virtue of the fact that he taught

under emergency certification during the 1963-1964 school year. Appellant's college provisional certificate expired before he had completed sufficient post-baccalaureate credits to obtain his permanent college certificate. Appellee apparently believes that, given these circumstances, Appellant ceased to be a professional employee within the protection of Article XI of the School Code[6] at the end of the school year 1961-1962, when his two year temporary contract expired, and that he did not regain his professional status until October of 1966 when he entered into the permanent professional contract referred to above.

This argument confuses a change in certification with a change in professional status. The attainment of a permanent professional status under Article XI of the School Code does not depend upon possession of any particular type of certificate. *Tyler v. Jefferson County—DuBois Area Vocational Technical School,* 467 Pa. 595, 359 A.2d 761 (1976). The Pennsylvania Supreme Court stated in *Tyler* that possession of any of the various certificates specified under Section 1201 of the School Code[7] (which includes emergency certification) would allow a teacher to obtain either temporary or permanent professional status.

Furthermore, Section 1108(b) of the School Code[8] provides, in pertinent part:

> A temporary professional employe whose work has been certified by the district superintendent to the secretary of the school district, during the last four (4) months of the second year of [his or her services], as being satisfactory shall thereafter be a "professional employe" within the meaning of this article.

---

[6] 24 P.S. §§11-1101—11-1182.

[7] 24 P.S. §12-1201.

[8] 24 P.S. §11-1108(b).

Appellant received such a satisfactory rating; he therefore became a permanent professional employee during the 1962-1963 school year. The Juniata County School Board had a duty to issue him a written contract at that time, and its failure to do so cannot now be raised by Appellee as a defense. *Department of Education v. Jersey Shore Area School District*, 481 Pa. 356, 392 A.2d 1331 (1978).

It is true that Act 405 made no specific provisions for employees with emergency certification status. The time for assigning Appellant a classification under the newly instituted step system, however, was July of 1965, at which time he clearly fit into the second category under Act 405, which applied to teachers holding valid college certificates.[9]

We therefore conclude that between the years 1965 and 1971 Appellant was underpaid the amount of $2,-650.00 under the state schedules appended to Act 405 and Act 96, as is further illustrated by the following table[10]:

---

[9] It is also notable that the term "college certificate" in Section 1142 of the School Code is defined in Section 1141, 24 P.S. §11-1141, as "a college provisional certificate, a college permanent certificate, *or its equivalent.*" (Emphasis added.) Although an emergency certificate granted to allow one an extension of time in which to make a college provisional certificate permanent has not been technically established as the "equivalent" of a college provisional certificate by the State Board of Education, it nevertheless might be considered such for the purposes of interpreting Section 1142.

[10] Although Appellant's actual steps rose consecutively from step eight and a half in 1965-1966 to step fourteen and a half in 1971-1972, step nine was the highest step attainable under Act 405. Step ten was the highest attainable for the school year 1968-1969 under Act 96, and step thirteen is now the highest attainable for the years following 1968-1969. Although Section 1142 has been amended once more since Act 96, there was no change made in the salary schedule at that time. *See* Section 1 of the Act of December 6, 1972, P.L. 1338.

| Year | Step | Under Act 405 | Salary Paid | Difference |
|------|------|---------------|-------------|------------|
| 1965-1966 | 8½ | $6,750.00 | $5,900.00 | $ 850.00 |
| 1966-1967 | 9 | $6,900.00 | $6,450.00 | $ 450.00 |
| 1967-1968 | 9 | $6,900.00 | $7,000.00 | $ -0- |

| Year | Step | Under Act 96 | Salary Paid | Difference |
|------|------|--------------|-------------|------------|
| 1968-1969 | 10 | $8,100.00 | $7,800.00 | $ 300.00 |
| 1969-1970 | 12½ | $9,450.00 | $8,700.00 | $ 750.00 |
| 1970-1971 | 13 | $9,600.00 | $9,300.00 | $ 300.00 |
| 1971-1972 | 13 | $9,600.00 | $9,900.00 | $ -0- |

$2,650.00

As noted above, the additional amounts claimed by Appellant for years during which the local salary schedule exceeded the state schedule must be disallowed under *Wildrick*.

The decision of the Court of Common Pleas of Juniata County is therefore reversed. Appellant is awarded the sum of $2,650.00 together with simple interest of 6 percent, as authorized under Section 1155 of the School Code.[11]

### ORDER

Now, January 25, 1985, the decision of the Court of Common Pleas of Juniata County is hereby reversed. Appellant is awarded the sum of $2,650.00, together with simple interest of six percent.

---

[11] 24 P.S. §11-1155.