**Patrick J. COLLINS, Appellant,**

v.

### LEBANON COUNTY VOCATIONAL TECHNICAL SCHOOL.

Commonwealth Court of Pennsylvania.

Argued April 6, 1995.

Decided June 13, 1995.

---

Charles P. Buchanio, for appellant.

Harry W. Reed, Jr., for appellee.

Before PELLEGRINI and NEWMAN, JJ., and KELTON, Senior Judge.

KELTON, Senior Judge.

Patrick J. Collins appeals from the September 26, 1994 order of the Court of Common Pleas of Lebanon County (trial court) denying his appeal from the adjudication of the Joint Operating Committee of the Lebanon County Area Vocational–Technical School (Committee) suspending him from employment with Lebanon Valley Vo–Tech School (School) effective August 20, 1991. Because we agree that Collins was neither a "professional employee" nor a "temporary professional employee" under Sections 1101(1) and 1101(3) of the Public School Code of 1949,[1] we affirm President Judge John Walter's order.

In 1978, the School hired Collins as a vocational consultant for its handicapped program. At no time during Collins' eleven years with the School did he ever possess a teaching certificate.

In April of 1991, the School applied to and received permission from the Department of Education to eliminate two of its existing programs. As a result of the reduction in programs and Collins' lack of a teaching certificate, the Director of the School notified Collins that he was going to recommend to the Committee that Collins' employment be suspended. (June 21, 1991 Letter from Director to Collins, Exhibit 1 to July 16, 1991 Hearing Before the Committee.)[2]

---

**1.** Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §§ 11–1101(1) and 11–1101(3).

**2.** We note that Appellant failed to comply with Pa.R.A.P. 2173, which requires that reproduced records and any supplemental reproduced records be numbered separately in Arabic figures. Not only does this deficiency constitute a failure *to comply with the appellate rules of procedure,* but it impedes efficient judicial review of a case.

Section 1124 of the School Code, 24 P.S. § 11–1124, provides that any board of school directors may suspend the necessary number of "professional employes" because of curtailment or alteration of the educational program on recommendation of the superintendent approved by the board and by the Department of Education as a result of substantial decline in enrollments or to conform with standards of organization or activities required by law or recommended by the department. Section 1125.1, added by the Act of November 20, 1979, P.L. 465, *as amended,* 24 P.S. § 11–1125.1, provides that such professional employes shall be suspended in inverse order of seniority.

After a July 16, 1991 evidentiary hearing, the Committee affirmed the Director's recommendation and suspended Collins. Collins filed an appeal of that suspension to the trial court pursuant to the Local Agency Law. 2 Pa.C.S. § 754.

The trial court concluded that Collins was not a "professional employee" because he did not have the proper certification.

(1) *The term 'professional employee' shall include those who are certified as teachers,* supervisors, supervising principals, principals, assistant principals, vice-principals, directors of vocational education, dental hygienists, visiting teachers, home and school visitors, school counselors, child nutrition program specialists, school librarians, school secretaries the selection of whom is on the basis of merit as determined by eligibility lists and school nurses.

24 P.S. § 11–1101(1) (emphasis added).

In addition, the trial court determined that Collins was not a "temporary professional employee" either, even though he was hired to fill a newly created position and his performance evaluations were completed on a form entitled "Temporary Professional Employee/Professional Employee Rating Form."

**3.** Because we conclude that the trial court correctly determined that Collins was neither a professional nor a temporary professional employee, we need not reach the issue of whether the trial court erred in failing to credit Collins with seniority and suspending him when it retained

(Exhibit 10 to July 16, 1991 Hearing Before the Committee.)

(3) The term 'temporary professional employee' shall mean any individual who has been employed to perform, for a limited time, the duties of a newly created position or of a regular professional employee whose services have been terminated by death, resignation, suspension or removal.

24 P.S. § 11–1101(3).

Accordingly, the trial court held that Collins' suspension was proper. Collins appealed that decision to our Court.

■ The issue before us is whether the trial court erred in determining that Collins was neither a professional nor a temporary professional employee.[3] Where, as here, the trial court takes no additional evidence, we must affirm the local agency's adjudication unless we determine that constitutional rights were violated, that an error of law was committed, that procedure before the agency was contrary to statute or that a necessary finding of fact was unsupported by substantial evidence. *Drennan v. City of Philadelphia,* 106 Pa.Commonwealth Ct. 262, 525 A.2d 1265 (1987).

**Discussion**

■ Collins argues that the trial court erred in finding that he was not a professional employee because the School hired him initially as a "temporary professional employee" under 24 P.S. § 11–1101(3) and he then became a "professional employee" by virtue of 24 P.S. § 11–1108(b). Specifically, Collins contends that, since the School hired him under circumstances such as those set forth in Section 1101(3) and the Director certified his work as satisfactory within two years of his hiring, he should have qualified for professional employee status via Section 1108(b).

Section 1101(3):

(3) The term 'temporary professional employee' shall mean any individual who

individuals with less "seniority." *See Marco v. Montgomery County Intermediate Unit # 23,* 35 Pa.Commonwealth Ct. 517, 387 A.2d 164 (1978) (holding that, absent temporary employee status, an employee does not begin to accumulate seniority time).

has been employed to perform, for a limited time, the duties of a newly created position or of a regular professional employee whose services have been terminated by death, resignation, suspension or removal.

. . . .

Section 1108(b):

(b) A temporary professional employe whose work has been certified by the district superintendent to the secretary of the school district, during the last four (4) months of the second year of such service as being satisfactory shall thereafter be a 'professional employe' within the meaning of this article. The attainment of this status shall be recorded in the records of the board and written notification thereof shall be sent also to the employe. The employe shall then be tendered forthwith a regular contract of employment[4] as provided for professional employes....

24 P.S. §§ 11–1101(3) and 11–1108(b).

The School argues that this action is controlled by the single, uncontested fact that Collins never possessed any professional certification issued by the Department of Education. The School notes that, in order to be eligible for temporary professional employment status, an individual must possess a valid teaching certificate. *Marco v. Montgomery County Intermediate Unit # 23*, 35 Pa.Commonwealth Ct. 517, 387 A.2d 164 (1978). Thus, the School contends that Collins simply cannot have evolved into a professional employee under the Code and was an "at-will" employee.

In *Rhee v. Allegheny Intermediate Unit No. 3*, 11 Pa.Commonwealth Ct. 394, 399, 315 A.2d 644, 647 (1974), we held that the "newly created position" referred to in Section

1101(3)'s "temporary professional employee" definition must be one of the professional categories listed in Section 1101(1)'s "professional employee" definition:

Section 1101(3) can only be read in conjunction with Section 1101(1) by interpreting the term 'newly created position' to mean one of the professional categories listed in Section 1101(1). Any other interpretation would result in the possibility of an employe's achieving temporary status in a position for which permanent status is not achievable.[5]

 It is well established that, in order to be considered a professional employee under the School Code, one must establish that he fits within one of the categories **expressly** enumerated in Section 1101(1). *Brentwood Borough School District Appeal*, 439 Pa. 256, 267 A.2d 848 (1970); *McCracken v. Central Susquehanna Intermediate Unit*, 34 Pa.Commonwealth Ct. 148, 382 A.2d 1293 (1978). Here, Collins conceded at oral argument before our Court that he did not fall under **any** of the professional categories enumerated in Section 1101(1)'s definition of "professional employee." In addition, he stated in his brief that he "was never a 'teacher' and therefore never required a valid Pennsylvania teaching certificate in the performance of his job description." (Collins' Brief at 15.)

Accordingly, we must conclude that he failed to sustain his burden of proving that he was a professional employee within the meaning of Sections 1124 and 1125.1 of the School Code. The issue of whether one can ever qualify as a professional employee without falling under any of the enumerated categories is one for the General Assembly; we decline to create a judicial remedy.

---

4. If an employee is issued a professional employee contract without meeting the statutory requirements of such status, that contract will be disregarded and the employee will not be considered a professional employee. *Rosenberg v. South Allegheny School District*, 61 Pa.Commonwealth Ct. 63, 67, 432 A.2d 654, 656 (1981); *George v. Department of Education*, 15 Pa.Commonwealth Ct. 239, 325 A.2d 819 (1974). Here, even though the School evaluated Collins as a temporary professional employee, there is no evidence that the School ever issued Collins a professional employee contract.

5. Section 1922(1) and (2) of the Statutory Construction Act of 1972, entitled "Presumptions in ascertaining legislative intent," provides that the General Assembly does not intend an absurd result and that it intends the entire statute to be effective and certain. 1 Pa.C.S. § 1922(1) and (2).

## Conclusion

For the above reasons, we affirm the trial court's order.

### *ORDER*

AND NOW, this 13th day of June, 1995, the order of the Court of Common Pleas of Lebanon County dated September 26, 1994 is hereby affirmed.