**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1815
_____

TODD ELLIOTT KOGER,
                              Appellant

v.

ALLEGHENY INTERMEDIATE UNIT; DUQUESNE CITY EDUCATION
ASSOCIATION; DUQUESNE CITY SCHOOL DISTRICT; PENNSYLVANIA STATE
EDUCATION ASSOCIATION; BARBARA MCDONNELL, in her official and
individual capacity; MARY BETH COLVILL, in her official and individual capacity;
DANIEL CAREY, in his official and individual capacity; STANLEY WHITEMAN,
in his official and individual capacity and as President of the Duquesne City Education
Association

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Civil Action No. 2-10-cv-01466 )
District Judge:  Honorable Gary L. Lancaster

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 28, 2012

Before:  CHAGARES, VANASKIE and BARRY, Circuit Judges

(Opinion filed: August 28, 2012)

_____

OPINION
_____

PER CURIAM

Todd Elliott Koger appeals from the summary judgment entered against him on February 24, 2012, in favor of all defendants below in this employment discrimination case. We will affirm.

I.

Koger was hired by the Duquesne City School District (School District) through a county training program called Smart START, which is administered by Allegheny Intermediate Unit (AIU). The program provides training to individuals who have a bachelor's degree but are not certified to teach in the public school system. Those who complete the program receive a temporary, emergency teaching permit, which remains in effect from the point of hire by a specific school district through the remainder of the school year. The emergency permit is an exception to the requirement that all teachers in public schools must be properly certified.

Koger completed Smart START training in August 2007, and was hired in November 2007, as a "day-to-day" substitute teacher. Koger was first assigned to the elementary school, and then later to seventh and eighth grade science and reading classrooms. Koger's performance did not meet the School District's expectations. Barbara McDonnell, the school principal, described Koger as habitually late. Koger disputed this assertion but did not deny that he violated other school policies, including that he failed to follow an approved syllabus, allowed students from other classes to remain in his classroom, showed movies without permission, gave students extra free time, and allowed them to eat in the classroom.

2

Koger believed that he was hired as, or over the course of the school year developed into, a long term substitute or full-time, "utility" teacher. Koger worked a total of 127.5 days for the School District, but at no point did he work in a single assignment for sixty consecutive days. The significance of the sixty-day period arises in the context of the collective bargaining agreement that governs the relationship between the School District and its certified teachers. Those certified teachers, originally hired as day-to-day substitutes but whose assignments extend beyond sixty days, are entitled to a pay raise retroactive to their date of hire.

According to Koger, he was entitled to this pay raise and sought assistance from Daniel Carey, the regional field director of the Pennsylvania State Education Association (PSEA). Carey reviewed the terms of Koger's employment, which indicated that Koger was hired as a day-to-day substitute, and explained that the Smart START program was not a means to attain a full-time position. Carey also informed Koger that, as a Smart START substitute, he was not covered by the collective bargaining agreement. On Carey's recommendation, neither the PSEA nor the Duquesne City Education Association (DCEA) filed a grievance on Koger's behalf.

At the end of the school year, the School District informed AIU that it was not satisfied with Koger's performance and was not interested in his returning the following school year. Thereafter, AIU informed Koger that it would not include him on its Smart START list of emergency substitutes for the following year.

Koger obtained right to sue letters from the Equal Employment Opportunity Commission and commenced this employment discrimination action, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 1981 and 1983, the Lilly Ledbetter Fair Pay Act, the Pennsylvania Human Relations Act (PHRA), 43 Pa. Cons. Stat. § 951-63 (1961), and other, related state law claims.[1] According to Koger, the defendants terminated his employment as a substitute teacher at the School District on the basis of his race. He is of African-American descent. Defendants countered that Koger was not properly certified to be a full-time teacher, that he was not entitled to the benefits arising from the School District's collective bargaining agreement, and that his deficient performance led to the decision not to renew Koger's Smart START permit.

Koger, the school defendants, and the union defendants filed respective motions for summary judgment. Koger also filed two motions for sanctions, a motion to strike undisclosed witnesses, and a motion in limine. The defendants jointly moved to strike several of Koger's filings. The District Court granted the defendants summary judgment, denied Koger's motions, and dismissed the defendants' other motions as moot. Koger timely appealed.

II.

[1] There are two groups of defendants. The school defendants consist of Allegheny Intermediate Unit (AIU), Duquesne City School District (School District), Mary Beth Colvill, an AIU employee, and Barbara McDonnell, the school principal at the relevant time. The union defendants consist of Pennsylvania State Education Association (PSEA), Duquesne City Education Association (DCEA), Daniel F. Carey, a PSEA employee, and Stanley Whiteman, president of the DCEA.

4

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review of the District Court's grant of the defendants' motions for summary judgment. DeHart v. Horn, 390 F.3d 262, 267 (3d Cir. 2004). Summary judgment is proper where, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Kaucher v. Cnty. of Bucks, 455 F.3d 418, 422-23 (3d Cir. 2006); Fed. R. Civ. P. 56(a).

## III.

Koger does not present a cogent legal argument to this Court. Although pro se briefs are afforded liberal construction, Haines v. Kerner, 404 U.S. 519, 520 (1972), Koger must present a legal argument in support of the issues he wishes to appeal or risk waiver. Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993). To the extent that we may discern Koger's intentions, we will address them.

## A.

Koger asserts that the defendants created the Smart START program in order to undermine the collective bargaining agreement and "emasculate salary scales." He offers no factual or legal support to this assertion. Further, it is not clear how these alleged nefarious efforts would support Koger's premise that the defendants declined to renew his participation in the program on the basis of his race. Indeed, if true, Koger's assertion would serve to undermine his complaint.

5

It is also apparent that Koger is critical of the District Court's conclusions regarding the evidentiary record. We have reviewed the entire record and find no support for Koger's assertions of error.[2]

Koger makes oblique references to three cases, <u>Richland Education Ass'n v. Richland School District</u>, 418 A.2d 787 (Pa. Commw. Ct. 1980); <u>Kipp v. Juniata County School District</u>, 487 A.2d 444 (Pa. Commw. Ct. 1985); and <u>Tyler v. Jefferson County School District – Dubois Area Vocational Technical School</u>, 359 A.2d 761 (Pa. 1976), in an apparent attempt to persuade this Court that his consecutive days of service at the School District should entitle him to the benefits described in the collective bargaining agreement. These cases do not support his position, as all resolve disputes involving certified teachers. <u>See</u> <u>Richland Educ. Ass'n</u>, 418 A.2d at 788 (noting that the teachers involved held state certificates in primary or secondary education); <u>Kipp</u>, 487 A.2d at 446-47 (addressing the impact of changes in the teaching certificate held by the

---

[2] For example, in his statement of facts and in the argument sections of his brief and reply brief, Koger makes repeated references to Sherly Andrews. Andrews became the subject of a discovery dispute initiated by Koger below when he learned that she was hired by the School District as a full-time utility teacher during the 2008-09 school year. Koger sought sanctions on the ground that the school defendants had failed to disclose any and all relevant information about her employment. Then, Andrews appeared on a witness list submitted by Koger to the District Court. However, Koger later filed a motion in limine seeking to preclude the introduction of any evidence related to Andrews' employment. In any event, no evidence regarding Andrews' employment was ever introduced into the record, and we are unable to attribute any significance to Koger's appeal.

appellant);[3] <u>Tyler</u>, 359 A.2d at 763 (noting that the appellant held a valid teaching certificate).

Koger also claims he was denied due process, citing 24 Pa. Stat. Ann. § 5-514 and <u>Springfield School District v. Shellem</u>, 297 A.2d 182 (Pa. Commw. Ct. 1972). It is not clear what Koger means by this assertion. The cited authority is relevant where a school board seeks to terminate an employee for "incompetency, intemperance, neglect of duty, violation of any of the school laws of this Commonwealth, or other improper conduct." 24 Pa. Stat. Ann. § 5-514. Under such circumstances, the employee may demand a hearing. <u>Id.</u>; <u>Springfield Sch. Dist.</u>, 297 A.2d at 184. Here, Koger was not terminated by the school board. Accordingly, we find this claim devoid of merit.[4]

## B.

Koger does not address the legal analysis of the District Court in even cursory fashion. It is well settled that if an appellant fails to comply with the requirements to set forth an issue raised on appeal and to present an argument in support of it, "the appellant normally has abandoned and waived that issue on appeal and it need not be addressed by

---

[3] <u>Kipp</u> mentions "emergency certification." <u>Kipp</u>, 487 A.2d at 446. However, this provisional certificate bears no resemblance to the emergency permit issued to Koger through the Smart START program. <u>Id.</u> at 447 n.9 (explaining that the "emergency certificate granted … an extension of time in which to make a college provisional certificate permanent").

[4] Koger also claimed a due process violation in his amended complaint. There, however, Koger referenced the due process provision of the collective bargaining agreement. As his employment was not governed by the agreement, the provision was not relevant.

the court of appeals." Kost, 1 F.3d at 182 (citing Inst. for Scientific Info., Inc. v. Gordon & Breach, Sci. Publishers, Inc., 931 F.2d 1002, 1011 (3d Cir. 1991); Al-Ra'Id v. Ingle, 69 F.3d 28, 31 (5th Cir. 1995) (noting that pro se litigants are not excepted from the requirements). Accordingly, despite our liberal construction of Koger's briefs, we conclude that Koger has waived consideration of the District Court's legal analysis.

Absent waiver, we would affirm on the basis of the District Court's analysis. In its comprehensive memorandum, the District Court concluded that (1) Koger failed to establish a prima facie case of discrimination against the defendants under Title VII, Section 1981, and the PHRA, because he failed to present evidence that would give rise to an inference of discrimination;[5] (2) the failure of Koger's claims under federal law precluded relief under Section 1983; (3) the defendants did not owe Koger a duty of loyalty; and (4) Koger's discovery motions and motion in limine were devoid of merit. We have reviewed the record and agree.

IV.

For the foregoing reasons, we will affirm the District Court's judgment.

---

[5] The District Court properly construed Koger's claim that the defendants violated the Lilly Ledbetter Fair Pay Act of 2009, Pub L. No. 111-2, 123 Stat. 5 (codified in 42 U.S.C.), as a claim of disparate treatment under Title VII. See Noel v. Boeing Co., 622 F.3d 266, 270-71 (3d Cir. 2010) (noting that the Act modifies the Title VII statute of limitations).

8