417 A.2d 617

**Helone G. WILDRICK et al., Appellants,**

v.

**BOARD OF DIRECTORS OF SAYRE AREA SCHOOL DISTRICT.**

Supreme Court of Pennsylvania.

Argued April 22, 1980.

Decided July 3, 1980.

Reargument Denied Aug. 15, 1980.

Peter J. O'Brien, Mount Pocono, Monroe County, for appellants.

Robert J. Landy, Sayre, Bradford County, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Appellants, forty-six professional employees of the Sayre Area School District, challenge the manner in which appellee, the district's Board of Directors, administered Sayre Area local salary schedules during the 1965–66 through 1971–72 school years. We conclude that of the forty-six appellants five are entitled to relief.

Appellants commenced this challenge by filing a forty-six count complaint, one count for each appellant, against appellee in the Court of Common Pleas of Bradford County. Appellants contend that appellee violated the Public School Code of 1949 by not utilizing the Code's revised, statewide minimum salary formulas in calculating higher salaries under the local salary schedules. See Act of December 9, 1965, P.L. 1057, § 2 (Act 405 of 1965) and Act of June 12, 1968, P.L. 192, § 1 (Act 96 of 1968), amending the Public School Code of 1949, Act of March 10, 1949, P.L. 30, § 1142.[1] A

1. The revised formula contained in Act 405 of 1965 which appellants contend must be used in calculating higher local salaries makes the minimum salary a function of the professional employee's qualifications

"and the step which the professional employe has attained by agreement or by years of experience within the school district whichever is higher, each step after step constituting one year of service."

The minimum salary is calculated by consulting a matrix of salaries and finding the salary corresponding to the employee's qualifications and "step." See Act 405, § 2, amending § 1142. The revised formula enacted in Act 96 of 1968 which appellants also contend must be

majority of appellants, twenty-eight of the forty-six, claim appellee failed properly to apply Code formulas in calculating higher local salaries during the 1965–66 school year.[2] All appellants claim appellee violated the Code in 1967–68. In that school year, pursuant to board resolution, the district

utilized amends the 1965 formula's "step" variable to provide as follows:

"and the step which the professional employe has attained by years of experience within the school district each step after step 1 constituting one year of service. When a school district, by agreement, places a professional employe on a step in the salary scale, each step thereafter shall constitute one year of service. When a district adopts a salary scale in excess of the mandated scale, it shall not be deemed to have altered or increased the step which the employe has gained through years of service."

Minimum salaries under this formula are calculated by consulting a salary matrix similar to the one found in Act 405 of 1965. Act 96's salary matrix appears at P.L. 196–97 of 1968, 24 P.S. § 11–1142 (Supp.1979).

Before 1965 the Code contained no "step" variable. Instead, it simply referred to years of service. See Public School Code of 1949, § 1142, 24 P.S. § 11–1142 (1962).

2. The local salary schedule in effect during the 1965–66 school year typifies the local schedules to which appellants seek to apply the Code's revised statewide minimum salary formulas. The 1965–66 schedule provides:

"SAYRE AREA JOINT SCHOOLS
SALARY SCHEDULE
For Contracts of 9.5 Months

| Step | Bachelors | (Plus 15 hours) | Masters |
|------|-----------|-----------------|---------|
| 1 | $4,800.00 | $4,950.00 | $5,200.00 |
| 2 | 5,100.00 | 5,250.00 | 5,500.00 |
| 3 | 5,500.00 | 5,650.00 | 5,900.00 |
| 4 | 5,900.00 | 6,050.00 | 6,300.00 |
| 5 | 6,200.00 | 6,350.00 | 6,600.00 |
| 6 | 6,500.00 | 6,650.00 | 6,900.00 |
| 7 | 6,800.00 | 6,950.00 | 7,200.00 |
| 8 | 7,100.00 | 7,250.00 | 7,500.00 |
| 9 | 7,400.00 | 7,550.00 | 7,800.00 |

paid newly-hired teachers according to a new, increased local salary schedule while it postponed the salary increases of appellants, all previously hired.[3] In sum, appellants seek $35,535 plus interest.[4]

According to appellee, the Code's revised salary formulas apply exclusively to the statewide minimum salaries and not to local salary schedules. Appellee maintains that its sole obligation under the Code is to pay appellants according to the statewide minimum salary schedules then in effect.

"SAYRE AREA JOINT SCHOOLS
SALARY SCHEDULE
For Contracts of 9.5 Months

| Step | Bachelors | (Plus 15 hours) | Masters |
|------|-----------|-----------------|---------|
| 10 | 7,800.00 | 7,950.00 | 8,200.00 |
| 11 | 8,000.00 | 8,150.00 * | 8,400.00 * |

* Only teachers with twenty (20) years of service eligible for this increment."

Nowhere in the local salary schedule is a "step" defined. It appears, however, that the minimum salary increments of $300 corresponding to each "step" on this schedule equals the salary increments of $300 mandated under the statewide schedules for additional years of service.

3. The Board resolution postponing appellants' salary increases, contained in the 1967–68 salary schedule, provides:

"The above schedule provides the basic structure. Present employes will receive 75% of the increment provided for the school year 1967–68 and the remaining 25% in 1968–69."

4. One appellant, Fish Wolcott, contends appellee violated the Code in the 1966–67 school year. One other, Leon Rufus, claims Code violations occurred in all seven school years.

We note that appellants do not base their present action on any alleged breach of contract. Nor do they claim a violation of rights under local salary schedules. Further, no issue is presented under "Act 195," The Public Employe Relations Act, Act of July 23, 1970, P.L. 563, § 101 et seq., 43 P.S. § 1101.101 et seq. (Supp.1979).

Thus, in its answer, appellee sought to establish that appellants were actually paid amounts exceeding the applicable statewide minimum salaries. In the case of five appellants, however, Ann Capece, Leah Salo, Richard Earley, Lois Clark, and Ralph Yanuzzi, appellee answered that the salary owed under state law during the 1965–66 school year was greater than the salary admittedly paid.[5]

After interrogatories, appellants and appellee moved for summary judgment. The court of common pleas agreed with appellants' contention that the Code's minimum salary formulas must be utilized in calculating higher local salaries. It also held, however, that appellee's postponement of increases in appellants' salaries during the 1967–68 school year is a permissible budgetary measure. The court entered a total judgment of $22,060 in favor of appellants and against appellee.

Appellee appealed to the Commonwealth Court claiming, in spite of its admitted underpayment of five appellants, that no money is owing and that judgment should be entered in its favor. Appellants also appealed, seeking the full sum originally claimed.

A panel of the Commonwealth Court unanimously rejected appellants' contention that the Code's revised salary

---

**5.** The sums underpaid to these five appellants are:

| Appellant | Admittedly Owed | Admittedly Paid | Difference |
|---|---|---|---|
| Ann Capece | $6900 | $6200 | $700 |
| Leah Salo | 6900 | 6700 | 200 |
| Richard Earley | 6600 | 6400 | 200 |
| Lois Clark | 6900 | 6800 | 100 |
| Ralph Yanuzzi | 7500 | 7400 | 100 |

formulas must be applied to a higher local salary schedule. That court concluded:

> "We can find no language in the Code which requires a school district to apply to its *local* salary schedule that step in the *statutory* schedule which was intended by the Legislature to determine the minimum pay for teachers in the various categories. The law requires that a teacher with certain experience and qualifications be paid a certain salary and if a school district does that it has met its duty under the law. A school district may not pay less, but it has not been required to pay more."

27 Pa.Cmwlth. 612, 618, 367 A.2d 768, 771 (1976). Finding no violations of the Public School Code, the Commonwealth Court vacated appellants' judgment and reversed judgment against appellee. Appellants successfully petitioned for allowance of appeal to this Court. After consideration and decision reargument was granted.

■ We are in agreement with the Commonwealth Court's reading of the Public School Code. Our Legislature has long required school districts throughout the Commonwealth to pay professional employees a minimum salary. E. g., Act of May 18, 1911, P.L. 309, § 1210. Through these years, and most recently in Act 405 of 1965 and Act 96 of 1968, the Legislature has repeatedly adjusted not only the minimum salaries but also the variables governing salary calculation. E. g., id. (professional qualifications); Act of April 28, 1921, P.L. 328 (years of service).

■ At the same time, however, the Legislature has always permitted individual school districts to pay teachers salaries greater than the applicable statewide minimum salaries. See Public School Code of 1949, § 1152, 24 P.S. § 11–1152. Nothing contained in the Code, either as originally enacted or as amended, in any respect prescribes any particular means by which greater salaries must be determined. The sole limitation the Legislature has imposed is the requirement that a school district comply with the applicable statewide minimum salary schedule. As section 1152 of the Code provides,

"[n]othing contained in this act shall be construed to interfere with or discontinue any salary schedule now in force in any school district, provided such schedule shall meet the requirements of this act, nor to prevent the adoption of any salary schedule in conformity with the provisions of this act."

See also Act of December 20, 1968, P.L. 1256, § 1 (amending section 1152). Thus appellants' contention that appellee improperly failed to apply the Code's revised minimum salary formulas in calculating the district's higher local salaries must be rejected.[6]

Those appellants who have not been fully paid the mandatory state salary may, of course, recover. Because the Commonwealth Court's order does not reflect appellee's admitted failure to comply with the Code during the 1965–66 school year, we vacate its order and remand for entry of an appropriate judgment.

Order of the Commonwealth Court vacated and case remanded to the court of common pleas for entry of judgment consistent with this opinion.

---

**6.** Our conclusion applies to all the school years in question, including 1967–68.