**SOUTHERN TIOGA EDUCATION ASSOCIATION, Appellant,**

v.

**SOUTHERN TIOGA SCHOOL DISTRICT.**

Commonwealth Court of Pennsylvania.

Argued Sept. 12, 1995.

Decided Dec. 6, 1995.

---

19. *See supra* note 4.

William A. Hebe, for appellant.

Robert F. Cox, Jr., for appellee.

Before SMITH and FRIEDMAN, JJ., and SILVESTRI, Senior Judge.

SMITH, Judge.

The Southern Tioga Education Association (Association) appeals from an order of the Court of Common Pleas of Tioga County that affirmed an arbitrator's award denying the grievances of three professional employees, Mary Caciola, Astrida Miller and Candace Watkins (collectively, Grievants), who requested back pay after being notified by the Southern Tioga School District (District) that they had been placed on an incorrect step of the salary schedule due to past breaks in their employment with the District.

The issue presented is whether the common pleas court erred in affirming the arbitrator's award, which denied Grievants' request for back pay, where the District agreed in the arbitration proceeding that Grievants were underpaid for many years, in violation of the parties' 1992–1995 collective bargaining agreement and the statutory mandates of the Public School Code of 1949 (School Code), Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §§ 1–101—27–2702.

### I.

In April 1993, David R. Stull, a professional employee, notified the District that he believed that he was placed on the wrong step of the salary schedule because the District had failed to give him credit for past service prior to a break in his employment. After conducting an investigation, the District determined that Stull was correct. The District further found that Grievants had also been placed on the incorrect step of the salary schedule due to breaks in their employment with the District. Upon the advice of its solicitor and the recommendation of Superintendent Ronald Boyanowski, the District, at an August 9, 1993 meeting, placed Grievants on the proper salary step for the 1993–1994 school year. By letter dated August 20, 1993, Superintendent Boyanowski

notified Grievants of the salary step adjustment.

On September 20, 1993, Grievants filed grievances alleging a violation of the collective bargaining agreement based upon the District's failure to make Grievants whole for monies lost in the past; Grievants sought back pay for all monies lost due to improper placement on the salary schedule. The grievance was eventually referred to binding arbitration. On May 5, 1994, the arbitrator entered an award denying the grievances after determining that they were untimely and that the District had not violated the provisions of either the collective bargaining agreement or the School Code. The common pleas court affirmed and this appeal followed.

Before this Court Grievants essentially advance two arguments. First, Grievants contend that Sections 1142 and 1149 of the School Code, 24 P.S. §§ 11–1142 and 11–1149, which are incorporated into the collective bargaining agreement, mandate credit for prior years of service and that pursuant to Section 1121 of the School Code, 24 P.S. § 11–1121, relating to contracts for professional employees, none of the protections that the School Code provides to professional employees are waivable. Second, Grievants contend that aside from the statutory provisions of the School Code, they have a clear and unambiguous contractual basis for a comprehensive back salary award.

■ Before examining the merits, this Court notes that the scope of review of an arbitrator's award entered pursuant to the Public Employe Relations Act (PERA)[1] is limited. The proper judicial inquiry is whether the award draws its essence from the contract. "Under the essence test, this Court is confined to determining whether the arbitrator's decision could rationally be derived from the collective bargaining agreement." *Riverview School Dist. v. Riverview Educ. Ass'n,* 162 Pa.Cmwlth. 644, 639 A.2d 974 (1994), *appeal denied,* 540 Pa. 588, 655 A.2d 518 (1995). "An arbitrator's award is to be respected by the courts if it represents a reasonable interpretation of the labor agreement between the parties. Where the arbi-

trator's words exhibit an infidelity to the agreement, courts have no choice but to refuse enforcement of the award." *Id.,* 639 A.2d at 974. "Subsumed within the essence test standard of review is the requirement that the arbitrator's interpretation of the agreement cannot be manifestly unreasonable." *Id.*

## II.

■ This Court will first address Grievants' contention that the statutory provisions of the School Code mandate an award of back pay. Section 1142(a) of the School Code, regarding minimum salaries and increments, provides in relevant part:

[A]ll school districts and vocational school districts shall pay all regular and temporary teachers ... the minimum salaries and increments for the school year 1968–1969 and each school year thereafter, as provided in the following tabulation in accordance with the column in which the professional employe is grouped and the step which the professional employe has attained by years of experience within the school district each step after step 1 constituting one year of service.... When a district adopts a salary scale in excess of the mandated scale, it shall not be deemed to have altered or increased the step which the employe has gained through years of service.

Section 1149 of the School Code provides in relevant part that "[t]he increments herein provided for are applicable only where the beneficiaries thereof remain in the service of the same school district." Section 1141, 24 P.S. § 11–1141, defines "service increments" as "increases in annual salary granted to all professional employes by reason of their years of service in the school district or vocational school district."

In the present case, the contract between the District and the Association adopted the provisions of the School Code as indicated by the following clause:

**VIII. JOB SECURITY, PROGRESSION, SENIORITY AND JUST CAUSE**

1. Act of July 23, 1970, P.L. 563, *as amended,* 43    P.S. §§ 1101.101—1101.2301.

The Pennsylvania School Code includes certain job security provisions, certification and other regulatory provisions associated with various classes of employees. The parties hereby aver that such provisions of the School Code represent their complete agreement and that said provisions shall govern the manner in which the job security, job progression, and reduction in force practices shall be effected with respect to members of the bargaining unit. Furthermore, no professional employee shall be suspended, furloughed or dismissed without just cause, consistent with the School Code, during the term of this agreement.

Association's 1992–1995 Contract, p. 2.

Subsection A–1(c) of Appendix A to the contract also provided for salary step placement by years of service, which is defined as "[t]he years of teaching experience within our district, whether continuous or interrupted, from time of initial contract within the school district if hired after January 1, 1967, and all years of teaching experience whether inside or outside the district if hired before January 1, 1967." Contract at p. 6. Furthermore, Section 1121 of the School Code, relating to the form and execution of contracts between school districts and professional employees, requires that all such contracts contain a clause stating that none of the provisions of the School Code may be waived, either orally or in writing. In view of the above, the Association contends that the District is mandated by the School Code to award Grievants back pay for all years in which they were underpaid.

In *Wildrick v. Board of Directors of Sayre Area School Dist.*, 491 Pa. 25, 417 A.2d 617 (1980), the Supreme Court held that Sections 1142 and 1149 of the School Code require only that a school district comply with the applicable statewide minimum salary schedule and that a school district is not required to apply its local salary schedule to the corresponding step in the statutory schedule intended by the legislature to determine minimum pay for teachers. In *Kipp v. Juniata County School Dist.*, 87 Pa.Cmwlth. 212, 487 A.2d 444 (Pa.Cmwlth.1985), this Court, following *Wildrick*, disallowed a claim for an additional amount of back salary where the

local salary schedule exceeded the state minimum schedule.

In the present case, Grievants' salaries at all times exceeded the minimum requirements of Section 1142. As a result, Grievants have no remedy under the School Code for back pay due solely under the terms of their local salary schedule. Consequently, Grievants' claim for back pay must rise or fall on the basis of the terms of their contract.

### III.

Both parties agree that the contract language of the collective bargaining agreements has not changed during the entire period of time for which Grievants are requesting back pay. This Court must, therefore, first address the issue of whether Grievants timely filed their grievances. Both the arbitrator and the common pleas court found that the grievances were untimely in that they were not filed within five days of the act complained of, as required by the contract. However, *Brockway Area School Dist. v. Brockway Area Educ. Ass'n*, Pub. Sector Arbitration, Vol. 19, No. 13 (Elliot Newman, Arbitrator; filed February 25, 1992), an arbitration decision referenced by both parties, recognized that many arbitrators have permitted the filing of grievances at any time, regardless of the specific time limits of the agreement, having found continuing violations giving rise to continuing grievances. Such is the case here.

Unbeknownst to them, Grievants were underpaid for many years because of mistakes admittedly made by the District. However, unlike the arbitrator in *Brockway Area School Dist.*, this Court does not believe that the District in the present case can avoid liability for back pay by claiming that it did not have notice of the violation. Here, the District admitted that it had not placed Grievants on the proper step of the salary schedule for many years. The District must not be permitted to take advantage of its own mistakes to the detriment of its employees where the District admittedly failed to place those employees on the proper step of the salary schedule. *See Mullen v. Board of School Directors of the Dubois Area School*

*Dist.,* 436 Pa. 211, 259 A.2d 877 (1969). Accordingly, this Court holds that the arbitrator erred in interpreting the contract to find that Grievants' requests for back pay were untimely.

■ With regard to the merits of the grievances, under the terms of the contract, a professional employee's step on the salary schedule is determined by years of service, whether continuous or interrupted. The record indicates that when Grievants returned to work as professional employees in the District after their breaks in service, they were not given full credit for their prior years of teaching experience in the District and that this adversely affected their respective salaries. Consequently, the District, by expressly admitting that it had not given Grievants full credit for their past years of service, also implicitly admitted that it had underpaid Grievants to the extent that they received less than they would have under the contract had they properly been given full credit as required by the contract.

■ In short, Grievants were improperly denied the salaries that they had bargained for under the contract. A school district may not deviate from the terms of a collective bargaining agreement and pay an employee less than what he or she is entitled to under the agreement; to do so would render the collective bargaining agreement ineffective. *Leechburg Area School Dist. v. Leechburg Educ. Ass'n,* 475 Pa. 413, 380 A.2d 1203 (1977), *overruled in part by Port Auth. of Allegheny County v. Amalgamated Transit Union,* 492 Pa. 494, 424 A.2d 1299 (1981).

In view of the foregoing, this Court concludes that the arbitrator's award denying Grievants back pay is manifestly unreasonable in view of the terms of the contract, which require that all professional employees be given credit on the salary schedule for each year of prior teaching experience in the district, whether continuous or interrupted. Grievants are clearly entitled to the monies that they bargained for and would have been paid had the District met its contractual obligations and put Grievants on the correct salary step at the proper time. Having determined that the arbitrator's award does not draw its essence from the collective bargain-

ing agreement, this Court reverses the common pleas court's order. The arbitrator's award is vacated, and this matter is remanded to the common pleas court for a calculation of back pay owed to Grievants for each and every year that they were underpaid as a result of their incorrect placement on the salary schedule, along with any appropriate interest.

### ORDER

AND NOW, this 6th day of December, 1995, the order of the Court of Common Pleas of Tioga County is reversed; the arbitrator's decision is vacated, and this matter is remanded for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.