724 A.2d 339

**MIFFLINBURG AREA EDUCATION ASSOCIATION,
by Donald ULRICH, trustee ad litem, Appellant,**

v.

**MIFFLINBURG AREA SCHOOL DISTRICT, Appellee.**

Supreme Court of Pennsylvania.

Argued Jan. 28, 1997.

Decided Jan. 28, 1999.

William A. Hebe, Wellsboro, for Mifflinburg Area Education Association.

Philip V. McCalister, Lower Burrell, for Mifflinburg Area School District.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE and NIGRO, JJ.

## OPINION

CAPPY [1], Justice.

We granted allocatur to consider whether an arbitration award, that failed to grant teachers credit for past years of service following a break in employment with respect to their

1. This opinion was reassigned to this author.

placement on a salary schedule, can be upheld in light of certain provisions of the Pennsylvania School Code (School Code) [2]. For the reasons that follow, we find that the arbitrator's award is violative of the School Code. Therefore, we reverse the order of the Commonwealth Court and reinstate the order of the Court of Common Pleas of Union County.

The Mifflinburg Area Education Association (Association) is the bargaining representative for the professional employees of the Mifflinburg Area School District (District). In 1988, the Association and the District entered into a collective bargaining agreement for the school years 1988–89 through 1992–93. The agreement contained the following salary step provision for the professional employees of the District:

ARTICLE XIII—COMPENSATION

An employee shall be placed on their [sic] salary step on the first day of each school term and no change in salary step shall be made during the school term. The salary step on the first day of a school term shall be one higher than the step on which the district placed the employee for the immediately preceding school term. The district shall determine the salary step for an employee who did not actually work as a professional or temporary professional employee for the district during the whole immediately preceding school term.

Because the previous collective bargaining agreement between the Association and the District did not contain salary step increments, the 1988 agreement also included a fifteen step salary schedule, with placement on the schedule dependent upon the employee's years of service in the District.

Faced with the task of assigning approximately 140 professional employees with a range of one to twenty-nine years of service on the District's salary step schedule, the District and the Association executed a memorandum of understanding, which provided:

The following compaction salary schedule will become effective the second half of the 1988–89 school year.

2. Act of March 10, 1949, P.L. 30, as amended, 24 P.S. § 11–1121.

| Step | Years | Bachelor | Masters |
|------|-------|----------|---------|
| 1 | 1–2 | $20,575 | $21,175 |
| 2 | 3–4 | $21,175 | $21,775 |
| 3 | 5–6 | $21,875 | $22,475 |
| 4 | 7–8 | $22,675 | $23,275 |
| 5 | 9–10 | $23,275 | $23,875 |
| 6 | 11–12 | $24,275 | $24,875 |
| 7 | 13–14 | $25,125 | $25,725 |
| 8 | 15–16 | $25,925 | $26,525 |
| 9 | 17–18 | $26,875 | $27,475 |
| 10 | 19–20 | $27,675 | $28,275 |
| 11 | 21–22 | $28,475 | $29,075 |
| 12 | 23–24 | $29,275 | $29,875 |
| 13 | 25–26 | $30,075 | $30,675 |
| 14 | 27–28 | $31,175 | $31,775 |
| 15 | 29+ | $32,075 | $32,675 |

A master list of teachers will be approved. This list will contain the following: name, 1988–89 original salary, 1988–89 new salary, years of service including the 1988–89 school year, degree held; and, the 1988–89 step for the second half of the 1988–89 school year.

Following the approval of the 1988–1993 collective bargaining agreement, the District and the Association jointly prepared and approved the required "master list of teachers," placing each professional employee of the District on a step in the compacted salary schedule corresponding to the professional employee's years of service in the District.

In 1994, the Association filed a grievance on behalf of eight individual teachers of the District (Grievants). The Grievants had been previously employed by the District for varying periods of time, had resigned from service, most frequently for child-rearing purposes, and were subsequently re-hired. The Association claimed that when the Grievants were placed on the compacted salary schedule following approval of the 1988–1993 collective bargaining agreement, the District had improperly failed to give the Grievants credit for each year they were employed prior to their breaks in service.[3]

3. For example, Grievant Carol Brann was employed by the District for four years (covering the school years 1960–61 to 1963–64), sustained a break in service of thirteen years and was re-hired by the District and continually employed for the next eleven years (covering the school

The Board of School Directors denied the grievance and the matter was placed before an arbitrator in accordance with Section 903 of the Public Employe Relations Act.[4] The arbitrator entered an award in favor of the District.

The Association thereafter filed an "Application to Vacate, Correct and Modify Arbitration Award" in the Union County Court of Common Pleas. The court found that the arbitrator's award failed to consider the mandate of the School Code with respect to salary schedule placement. The court vacated the arbitrator's award and ordered that the Grievants be placed on the appropriate step of the District's salary schedule taking into account the Grievants' prior years of service in the District.

Commonwealth Court reversed the order of the Court of Common Pleas and reinstated the arbitrator's award. This appeal followed.

■ This court announced the "essence" test as the standard of review for appeals of arbitrators' decisions in *Community College of Beaver County v. Society of the Faculty*, 473 Pa. 576, 375 A.2d 1267 (1977). Under this standard, an arbitrator's award must derive its essence from the collective bargaining agreement to pass judicial review.

■ Section 1121 of the School Code requires that all contracts between school districts and professional employees contain a clause stating that none of the provisions of the School Code may be waived by school district employees. In addition, Section 703 of the Public Employe Relations Act prohibits the parties from effecting or implementing a provision in a collective bargaining agreement if implementation of

years 1977–78 to 1987–88). When Brann was placed on the compacted salary schedule following approval of the 1988–1993 collective bargaining agreement, she was not given credit for her total of fifteen years of service in the District, but instead was only given credit for the eleven years of service that followed her break in service. Thus, the Association claimed that Brann should have been placed at step eight of the compacted salary schedule (corresponding to fifteen years of service), rather than step six (corresponding to eleven years of service).

4. Act of July 23, 1970, P.L. 563, as amended, 43 P.S. § 1101.903.

that provision would violate or be inconsistent with a statutory enactment. 43 P.S. § 1101.703. Thus, by statute, actions taken pursuant to a collective bargaining agreement cannot violate the School Code.

The Association asserts that the failure of the District to give the Grievants credit on the salary step schedule for each year they were employed prior to their breaks in service violated Sections 1142(a) and 1149 of the School Code.

Section 1142 provides in part:

§ 11–1142. Minimum Salaries and Increments

(a) Except as hereinafter otherwise provided, all school districts and vocational school districts shall pay all regular and temporary teachers, supervisors, directors and coordinators of vocational education, psychologists, teachers of classes for exceptional children, supervising principals, vocational teachers, and principals in the public schools of the district the minimum salaries and increments for the school years 1968–1969 and each school year thereafter, as provided in the following tabulation in accordance with the column in which the professional employe is grouped and the step which the professional employee has attained by years of experience within the school district each step after step 1 constituting one year of service. When a school district, by agreement, places a professional employe on a step in the salary scale, each step thereafter shall constitute one year of service. *When a district adopts a salary scale in excess of the mandated scale, it shall not be deemed to have altered or increased the step which the employe has gained through years of service.*

24 P.S. § 11–1142(a)(Emphasis supplied).

Section 1149 of the School Code provides:

The increments herein provided for are applicable only where the beneficiaries thereof remain in the service of the same school district. Where such teachers enter a new district they shall enter at a point in the schedule to be agreed upon between said teachers and the employing dis-

tricts, which agreements shall be made part of the contract between them.

24 P.S. § 11–1149.

■■ The District maintains that Section 1142(a) merely provides that teachers are entitled to a minimum salary with minimum yearly increments dependent upon years of experience within the school district. However, while Section 1142(a) was intended to assure that teachers receive a certain minimum salary, this section also speaks to placement on a salary schedule that is above the minimum scale. "When a district adopts a salary scale in excess of the mandated scale, it shall not be deemed to have altered or increased the step which the employe has gained through years of service." 24 P.S. § 11–1142. We interpret this provision to require that a teacher's past years of service are to be credited upon rehire for purposes of placement on a local salary scale. The language contained in Section 1142(a) protects professional school district employees from the patent unfairness of disregarding past years of service with the same school district when the district places a rehired teacher on a salary scale and the teacher is receiving a salary in excess of the state mandated minimum. The mandates of Section 1142 and 1149 express the legislature's intent to protect valuable years of service performed by employees who sustained breaks in service for a variety of reasons.

The Commonwealth Court in *Centennial School District v. Centennial Education Association*, 133 Pa.Cmwlth. 382, 576 A.2d 99 (1990) reached a similar decision. In *Centennial*, four professional employees who had resigned their positions were later rehired by the school district. At the time of rehiring, the employees were placed on the salary schedule at the same level as newly hired teachers. The Association filed grievances on behalf of the four teachers alleging that they had been placed on the salary schedule at a level lower than that required by the collective bargaining agreement. The arbitrator concluded that the collective bargaining agreement required that rehired teachers were entitled to credit for the prior years of teaching within the District under Sections 1142

and 1149 of the School Code. The Commonwealth Court upheld the arbitrator's decision, finding that the arbitrator's award drew its essence from the collective bargaining agreement.[5]

The District instead relies on *Wildrick v. Board of Directors of Sayre Area School District*, 491 Pa. 25, 417 A.2d 617 (1980). The District's reliance on *Wildrick* is misplaced as it has no relevance to the present dispute. *Wildrick* addressed the issue of whether the minimum salaries set forth in the School Code must be used in calculating salaries under a local salary schedule, even though the local salary schedule paid salaries above the state mandated minimum. In an assumpsit action against the district, the teachers claimed that they were entitled to placement on the local salary schedules at the corresponding step in the School Code commensurate with their salaries. The *Wildrick* court properly rejected the teachers' argument, finding that the district was not required to apply to its local salary schedule that step in the statutory schedule which was intended by the Legislature to determine the minimum pay for teachers.

*Wildrick* is inapplicable to the present matter because the professional employees in this case are not claiming that their placement on the salary schedule is determined by the salary steps in the School Code, irrespective of the employees' years of experience within that district. Instead, the Association is arguing only that Sections 1142 and 1149 require the District to credit the teachers for years of past service within the District. Thus, the *Wildrick* court's discussion of a district's

5. The *Centennial* court based its decision, in part, on the fact that the collective bargaining agreement contained a statutory savings clause that explicitly incorporated the provisions of the School Code. However, as noted above, Section 1121 of the School Code provides that the statutory mandates of the School Code cannot be waived "orally or in writing." 24 P.S. § 11–1121. In addition, the Pennsylvania Employe Relations Act prevents the parties from implementing collective bargaining agreement provisions that are inconsistent with or conflict with any statute. 43 P.S. § 1101.703. Therefore, express language in the agreement incorporating the provisions of the School Code is not necessary because such provisions are incorporated, by operation of law.

obligations under Section 1142, regarding an issue very different from the one before us, provides no guidance.

■ In the present case, the Grievants are statutorily protected against losing credit for previous service under Section 1142 of the School Code, a protection that is incorporated into the collective bargaining agreement. The arbitrator's award denying credit for past service is violative of the School Code, and thus, violative of the agreement. Thus, the award does not derive its essence from the collective bargaining agreement. We hereby reverse the order of Commonwealth Court and reinstate the order of the Court of Common Pleas of Union County.[6]

6. In his dissent, our esteemed colleague Mr. Justice Zappala states that a different standard of review of arbitration awards exists in those cases where an arbitrator interprets statutory law that is incorporated into a collective bargaining agreement. Justice Zappala posits that this court's standard of review in such cases is plenary. With due respect, this assertion is not borne out by the case that he cites in support of his position or the numerous cases this court has rendered in reviewing labor arbitration awards under the Pennsylvania Employe Relations Act. Our standard of review in this case, as in all arbitration cases, is clearly the essence test.

The dissent relies upon *Pennsylvania Labor Relations Board v. Bald Eagle Area School District*, 499 Pa. 62, 451 A.2d 671 (1982). Reliance by the dissent on this case is misplaced for a number of reasons. First, *Bald Eagle* is not a case involving this court's review of an arbitrator's award. Rather, it involves an unfair labor practice proceeding regarding whether a dispute was arbitrable at all. Second, the court in *Bald Eagle* did not set forth a standard of review to be used when an arbitrator's award is against the law. Instead, in obiter dicta, the court merely noted that judicial relief was available if an award was in conflict with statutory law. Finally, and most importantly, the *Bald Eagle* court did indicate that the judiciary had the right to correct or modify an arbitration award contrary to law in the same manner as jury verdicts on a motion for judgment n.o.v., citing the Uniform Arbitration Act, 42 Pa.C.S.A. § 7302(d)(2). In fact, this very language served as the basis for this court's creation of the essence test. *Community College of Beaver County*, 473 Pa. 576, 589–90, 375 A.2d 1267, 1273 (Pa.1977)("[w]hile the introduction of the 'n.o.v.' concept into the field of arbitration may have been a new departure, it is hardly a radical change, nor does it dictate that a much closer or different scrutiny of an arbitration award will be available than under the [essence test]"). Thus, this court has made clear that when reviewing an arbitration award under the Pennsylvania Employe Relations Act, the standard of review is the essence test.

Justice NEWMAN did not participate in the consideration

As this court stated in *Pennsylvania State Education Association v. Appalachia Intermediate Unit 08*, 505 Pa. 1, 476 A.2d 360 (Pa.1984): We set forth the standard of review for appeals of arbitrator's decisions under the [Public Employe Relations] Act in [*Community College of Beaver County* ]. We held there that an arbitration award must be upheld if it can in any rational way be derived from the collective bargaining agreement in light of language, context and other indicia of the parties' intention. In so holding we cited the Arbitration Act of April 5, 1927, P.L.381, No. 248, § 11, 5 P.S. § 171, which provided that a court could modify or correct a statutory arbitration award ... [w]here the award is against the law, and is such that had it been a verdict of the jury the court would have entered different or other judgment notwithstanding the verdict. Subsequent to the decision of the arbitrator in the instant case, the Arbitration Act of 1927 was superseded by the Uniform Arbitration Act, Act of October 5, 1980, P.L. 693, No. 142, effective in sixty days, 42 Pa.C.S.A. § 7301 et seq. The new Act provides that "A court in reviewing an arbitration award ... shall ... modify or correct the award where the award is contrary to law and is such that had it been a verdict of a jury the court would have entered a different judgment or a judgement notwithstanding the verdict" 42 Pa.C.S.A. § 7302(d)(2). *We conclude that this is a substantial reenactment of the corresponding provision of the Arbitration Act of 1927 and that the standard of review of an arbitration award under the Public Employee Relations Act is the same regardless of which arbitration act applies.* *Pennsylvania State Education Association,* 505 Pa. at 4–6, 476 A.2d at 362–63 (Zappala, J.)(emphasis supplied). *See also, County of Centre v. Musser,* 519 Pa. 380, 392–93, 548 A.2d 1194, 1200 (1988)(Arbitration Act of 1927 provisions relative to judicial review of arbitral awards retained in Uniform Arbitration Act, thus, it is clear that the "essence" test remains the standard of judicial review for arbitration awards which, are subject to section 7302(d)(2) of the Uniform Arbitration Act); *Austin Area Education Association v. Austin Area School District,* 159 Pa.Cmwlth. 640, 644 n. 6, 634 A.2d 276, 278 n. 6 (Pa.Cmwlth.1993)(The essence test is the equivalent of the judgment n.o.v. standard provided by section 7302(d)(2) of the Uniform Arbitration Act).

Indeed, this court has reviewed an arbitrator's interpretation of, and reliance upon, statutory law, as part of our review under the essence test, rather than a distinct analysis under plenary review. *Greater Johnstown Area Vocational–Technical School v. Greater Johnstown Area Vocational–Technical Education Association,* 520 Pa. 197, 553 A.2d 913 (Pa.1989); *See also, Pennsylvania State Education Association,* 505 Pa. at 7, 476 A.2d at 363(awarding compound interest contrary to existing status of law, if award made by a jury, it would have resulted in judgment n.o.v. It cannot rationally be derived from the collective bargaining agreement). Finally, it would be unwise as a practical matter to inject a second standard of review in an area already fraught with confusion, especially where, as a general proposition, an award that is contrary to law will not satisfy the essence test. For all of the above-stated reasons, the dissent's suggestion that our standard of review in this case is plenary is simply without merit.

or decision of this case.

Justice ZAPPALA files a dissenting opinion in which Chief Justice FLAHERTY joins.

ZAPPALA, Justice, dissenting.

Because I cannot agree with the majority's expansive reading of Section 1142(a) of the Pennsylvania School Code (Code),[1] I respectfully dissent.

Section 1142 provides:

§ 11–1142. Minimum Salaries and Increments

(a) Except as hereinafter otherwise provided, all school districts and vocational school districts shall pay all regular and temporary teachers, supervisors, directors and coordinators of vocational education, psychologists, teachers of classes for exceptional children, supervising principals, vocational teachers, and principals in the public schools of the district the minimum salaries and increments for the school year 1968–1969 and each school year thereafter, as provided in the following tabulation in accordance with the column in which the professional employe is grouped and the step which the professional employe has attained by years of experience within the school district each step after step 1 constituting one year of service. When a school district, by agreement, places a professional employe on a step in the salary scale, each step thereafter shall constitute one year of service. *When a district adopts a salary scale in excess of the mandated scale, it shall not be deemed to have altered or increased the step which the employe has gained through years of service.*

24 P.S. § 11–1142(a) [2] (emphasis supplied).

The majority interprets the above emphasized sentence from Section 1142(a) to require that a professional employee's

1. Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. § 11–1121.

2. In 1988, the Legislature enacted 24 P.S. § 1142.1, which effectively supersedes 24 P.S. § 1142. However, as the collective bargaining agreement in the instant case had already been entered into and was in effect prior to the effective date of Section 1142.1, Section 1142 remains applicable to the instant case.

past years of service in the same school district are to be credited upon rehire for purposes of placement on a local salary scale. However, there is no language contained in the sentence to support such an interpretation.

The language of a statute must be read in a sense which harmonizes with the subject matter and its general purpose and object. *Swartley v. Harris*, 351 Pa. 116, 40 A.2d 409 (1945). The sole subject matter of Section 1142, as reflected in the title, "Minimum Salaries and Increments," is the establishment and preservation of minimum salaries for professional school district employees based on years of service.

When a school district adopts a local salary step schedule, Section 1142(a)'s lone requirement is that the salary corresponding to the step on the local scale which a professional employee is placed be equal to or greater than the salary corresponding to the step on the state mandated minimum scale the employee has gained through years of service in the school district.[3] The final sentence of Section 1142(a) does nothing more than prevent an employee's receipt of a salary higher than the minimum from being construed as placement on a step higher than he or she has attained through years of service.

As "[t]he sole limitation the Legislature has imposed is the requirement that a school district comply with the applicable statewide minimum salary schedule," *Wildrick v. Board of Directors of Sayre Area School District*, 491 Pa. 25, 31, 417 A.2d 617, 619–620 (1980), the mere fact that in this case the District adopted a salary scale in excess of the statewide

---

**3.** In this case, although the Grievants were not given credit on the local scale for each year they were employed by the District prior to their breaks in service, each Grievant was placed on a step on the local scale with a salary greater than that required by the step on the state mandated schedule the employee had gained through total years of service in the District. For example, Grievant Carol Brann, whom the Association claimed should have been placed at step eight of the local scale (corresponding to fifteen years of service in the District), rather then step six (corresponding to eleven years of service), received the step six salary of $24,275 for the 1988–89 school year. That salary is significantly greater than the Section 1142 state mandated minimum salary of $9,800 for professional employees with fifteen years of service in the same district.

minimum does not alter or increase the Code-mandated minimum salary corresponding to the step which the Grievants had gained through total previous years of service in the District. The District's placement of the Grievants on the local salary scale at steps which did not give the Grievants credit for each year they were employed prior to their breaks in service is not in violation of, or inconsistent with the Code.[4]

The arbitrator's decision denying the grievance thus represents a legitimate, reasonable interpretation of the collective bargaining agreement between the Association and the District, which is not in violation of, or inconsistent with statutory law.[5] The order of the Commonwealth Court which reinstated

4. To the extent that such an interpretation of Section 1142(a) conflicts with *Centennial School District v. Centennial Education Association,* 133 Pa.Cmwlth. 382, 576 A.2d 99 (1990), the Commonwealth Court's decision should be expressly overruled.

5. The majority opines that the proper standard of review in this case is the essence test. Although I certainly would agree that the essence test is the proper standard of review for a challenge to an arbitrator's interpretation of a collective bargaining agreement, such a deferential standard of review does not apply when reviewing a challenge to an arbitrator's interpretation of *statutory law* incorporated into a collective bargaining agreement. In the latter case, as here, our standard of review is plenary. *See generally Pennsylvania Labor Relations Board v. Bald Eagle Area School District,* 499 Pa. 62, 451 A.2d 671 (1982). There, we stated:

> Courts have no reason to assume an arbitrator will ignore the law and award a payment based on a contractual interpretation which conflicts with a fundamental policy of this Commonwealth expressed in statutory law. If so, judicial relief is available. See *Pennsylvania Labor Relations Board v. State College, A.S.D.,* 461 Pa. 494, 337 A.2d 262 (1975); *Pennsylvania Labor Relations Board v. Zelem,* 459 Pa. 399, 329 A.2d 477 (1974); *Washington Arbitration Case,* 436 Pa. 168, 259 A.2d 437 (1969). Moreover, the judiciary has express statutory authority to review and correct or modify arbitration awards against the Commonwealth or its political subdivisions in the same manner as jury verdicts on a motion for judgment N.O.V. Judicial Code § 7302(d)(2), 42 Pa.C.S. § 7302(d)(2).

499 Pa. at 67, 451 A.2d at 673 (footnote omitted).

I note with interest the majority's lengthy response criticizing this reference to *Bald Eagle.* (Majority Op. at 344 n.6). I must point out, however, that I deliberately used as an introductory signal a term of art which I believed to be easily recognizable. *See* The University of Chicago Manual of Legal Citation 12 (1989) ("An authority may be introduced ... by an ordinary English phrase explaining its force and or purpose." Rule 3.1(b)); The Bluebook: A Uniform System of

the arbitrator's award should therefore be affirmed. Accordingly, I dissent.

Chief Justice FLAHERTY joins in this Dissenting Opinion.

Citation 23 (16th ed. 1996) (*"See generally"* defined as: "Cited authority *presents helpful background material related to the proposition."* Rule 1.2(d)).

My position as it relates to the proper standard of review in this case remains intact. The majority finds, as a matter of law, that the arbitrator's decision is violative of the Code. By definition, the majority has conducted plenary review of the arbitrator's interpretation of statutory law incorporated into a collective bargaining agreement, and has not deferred to the arbitrator's analysis as the essence test mandates.