GREATER JOHNSTOWN SCHOOL DISTRICT, Appellant,

v.

GREATER JOHNSTOWN EDUCATION ASSOCIATION.

Commonwealth Court of Pennsylvania.

Argued Feb. 11, 2002.

Decided April 22, 2002.

Publication Ordered July 8, 2002.

David P. Andrews, Altoona, for appellant.

William K. Eckel, Johnstown, for appellee.

Before McGINLEY, Judge SIMPSON, Judge, and McCLOSKEY, Senior Judge.

### ORDER

OPINION BY Judge McGINLEY.

AND NOW, this 8th day of July, 2002, it is ORDERED that the above-captioned opinion filed April 22, 2002 shall be designated OPINION rather than MEMORANDUM OPINION, and it shall be reported.

Greater Johnstown School District (District) seeks review of the order of the Court of Common Pleas of Cambria County (common pleas court) that denied the District's petition for review and application to vacate an arbitrator's award.

The Greater Johnstown Education Association (Association) filed a grievance on behalf of sixteen teachers (teachers) because they were not credited for their long-term substitute teaching service as full-time teachers. The District placed the teachers at the first step of the salary schedule in accordance with the District's interpretation of the collective bargaining agreement (Agreement). The Agreement provided "[s]hould any substitute employee, so described above, be hired as a regular employee of the District, he/she shall have no right or claims as to seniority calculations, salary schedule placement, or accumulation of sick leave for any or all time spent as a substitute employee." Agreement, October 14, 1998, Article IX,(E)(4) at 44; Reproduced Record (R.R.) at 57a.

After the District denied the grievance the parties proceeded to arbitration. The

arbitrator sustained the grievance in a decision issued November 17, 2000. The District's attempt to vacate the award was denied by the common pleas court. The common pleas court found:

The arbitrator relied on *Mifflinburg Area Educ. Ass'n. ex rel. Ulrich v. Mifflinburg Area School Dist.*, 555 Pa. 326, 724 A.2d 339 (1999), arguably made applicable to the issue by *Penns Manor School District v. Penns Manor Educ. Ass'n.* 556 Pa. 438, 729 A.2d 71 (1999), *per curiam.* Mifflinburg involved an arbitration award which failed to grant teachers credit for past years of service following a break in employment with respect to their placement on salary schedule. Our supreme court found that the award violated both the School Code and the parties' collective bargaining agreement; teachers were statutorily protected against losing credit for previous service under the School Code, and this protection was incorporated into the collective agreement.

. . . .

The arbitrator did not exceed his authority by determining that, for purposes of placement on a salary schedule, the district was required by Sections 1142 and 1149 of the [School] Code to give credit to teachers for all years of service within the district.

. . . .

The difficulty in this case is that a clear and bargained for provision in the parties' Agreement speaks to the very issue presented in the grievance. For the reasons cited above, and because an arbitrator is not free to disregard established case law interpreting statutes when those same statutes must be interpreted as part of a collective bargaining agreement, we agree with the arbitrator that the provision Article IX(E)(4) is in impermissible conflict with the School Code and therefore contrary to law and must be disregarded. The arbitrator's award is not without foundation in the Agreement nor does it fail to logically flow from the Agreement.

Common Pleas Court Opinion, March 21, 2001 at 3–6.

On appeal [1] the District contends that the arbitrator ignored explicit contract language, that the arbitrator interpreted the Agreement based on inapplicable case law and that the arbitrator misapplied the Public School Code [2] (Code).

The District agreed that the first prong of the essence test was met because Article IX(E)(4) of the Agreement addressed whether substitutes can claim any right to salary schedule placement.

However, the District asserts that the second prong of the essence test whether the arbitrator's decision rationally may be derived from the Agreement was not met. Here, the Agreement specifically stated that substitute employees have no claim for salary schedule placement. The District maintains that since the arbitrator ignored this explicit contractual language the award was not rationally derived from the Agreement.

The District argues that the arbitrator erroneously concluded that *Mifflinburg Area Education Association ex rel. Ulrich*

---

**1.** Our review is limited to determining whether the issue as properly defined is within the terms of the collective bargaining agreement and whether the arbitrator's interpretation can rationally be derived from the collective bargaining agreement. *State System of Higher Education (Cheyney University) v. State College University Professional Association (PSEA-NEA)*, 560 Pa. 135, 743 A.2d 405 (1999).

**2.** Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §§ 1–101—27–2702.

*v. Mifflinburg Area School District,* 555 Pa. 326, 724 A.2d 339 (1999) requires salary schedule credit for long-term substitutes regardless of contradictory language in the Agreement. The District argues that *Mifflinburg* does not apply because there our Pennsylvania Supreme Court addressed crediting teachers for past years in service, after a break in employment, with respect to their placement on the salary schedule, not the salary schedule placement of substitute teachers.

This Court does not agree and finds the arbitrator's interpretation was rationally derived from the Agreement. Central to the arbitrator's holding was his analysis of *Mifflinburg* and its relationship to *Penns Manor Area School District v. Penns Manor Education Association,* 556 Pa. 438, 729 A.2d 71 (1999).

In *Mifflinburg,* our Pennsylvania Supreme Court found that under the Code any provisions of a collective bargaining agreement must conform to the Code:

> Section 1121 of the School Code requires that all contracts between school districts and professional employees contain a clause stating that none of the provisions of the School Code may be waived by school district employees. In addition, Section 703 of the Public Employe Relations Act prohibits the parties from effecting or implementing a provision in a collective bargaining agreement if implementation of that provision would violate or be inconsistent with a statutory enactment. 43 P.S. 1101.703. Thus, by statute, actions taken pursuant to a collective bargaining agreement cannot violate the School Code.

*Mifflinburg,* 555 Pa. at 330–331, 724 A.2d at 343. The Pennsylvania Supreme Court concluded that grievants are statutorily protected against losing credit for previous service and that protection was incorporated into the collective bargaining agreement.

> [T]he Grievants are statutorily protected against losing credit for previous service under Section 1142 of the School Code, a protection that is incorporated into the collective bargaining agreement. The arbitrator's award denying credit for past service is violative of the School Code, and thus, violative of the agreement.

*Mifflinburg,* 555 Pa. at 334, 724 A.2d at 343–344.

In *Penns Manor,* relying on *Mifflinburg,* our Pennsylvania Supreme Court issued a *per curiam* order and reversed this Court's decision to vacate. The arbitrator had found that Section 1142 required recognition of long term substitute experience in calculating teacher's step placement on a salary schedule. The District contends that the *per curiam* order in *Penns Manor* is not precedential and at best merely indicated disagreement with this Court's review. Also, in *Penns Manor* the agreement provided for substitute employees to receive service credits, a situation opposite to the one presented in this case.

In *Commonwealth v. Tilghman,* 543 Pa. 578, 673 A.2d 898 (1996) our Pennsylvania Supreme Court stated:

> In any appeal before us, this Court's entry of a *per curiam* order affirming or reversing the final order of a lower tribunal, after review and consideration of the issues on appeal to this Court, signifies this Court's agreement or disagreement with the lower tribunal's final disposition of the matter on appeal to us. An order of *per curiam* affirmance becomes the law of the case.

*Tilghman,* 543 Pa. at 589, 673 A.2d at 904. Based on this reasoning and a specific reference to *Mifflinburg* this Court finds the logical and unavoidable application of

*Penns Manor* means that Section 1142 and Section 1149 of the Code require salary credit for long term substitute service in the same school district where the substitute is hired as a full time professional. The common pleas court properly found that Article IX(E)(4) of the Agreement violated the Code and was invalid.

■ Moreover, the arbitrator's award was rationally derived from the Agreement despite the language of Article IX(E)(4). First, Article V(G) of the Agreement required the Board and the Association to comply with the provisions of the Code. Second, the Agreement has a severability clause, which states if any provision of the Agreement is contrary to law; it shall not be deemed valid. Finally, *Mifflinburg* established that the School Code is incorporated into a collective bargaining agreement, regardless whether the agreement has a savings clause.

> The Centennial court based its decision, in part, on the fact that the collective bargaining agreement contained a statutory savings clause that explicitly incorporated the provisions of the School Code. However, as noted above, Section 1121 of the School Code provides that the statutory mandates of the School Code cannot be waived 'orally or in writing'. In addition, the Pennsylvania Employe Relations Act prevents the parties from implementing collective bargaining agreement provisions that are inconsistent with or conflict with any statute. Therefore, express language in the agreement incorporating the provisions of the School Code is not necessary because such provisions are incorporated, by operation of law.

*Mifflinburg,* 555 Pa. at 333, 724 A.2d at 343 n. 5.

Finally, the District argues that nothing in the Code required a district to provide salary schedule placement to substitutes. The District argues that Section 1142 of the Code, 24 P.S. § 11–1142, relied upon by the arbitrator, does not mention substitutes and is, therefore, inapplicable. Section 1148, which does address substitute salaries, merely provides for a minimum salary. Moreover, Section 1142 assumes that teachers will serve for a period of years and substitute teachers by definition serve less than a year. Finally, the District maintains that because the Code does not define "long-term substitute," the Code may not be interpreted to require salary schedule placement to long-term substitutes in the face of contradictory language in the Agreement.

■ Again, this Court concurs with the arbitrator that *Mifflinburg* controls and applies to long-term substitute teachers (*Penns Manor*). The net result of the Pennsylvania Supreme Court's decision is that a contract term, which eliminates the right to credit for long-term substitute service within the same district, is contrary to the School Code and must be disregarded.

The arbitrator's interpretation was rationally derived from the collective bargaining agreement.

Accordingly, we affirm.

### ORDER

AND NOW, this 22nd day of April, 2002, the decision of the Court of Common Pleas of Cambria County in the above-captioned case is affirmed.